IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00748-RPM

CHARLES FRANK LOFTICE,

     Plaintiff,

v.

HOME DEPOT, U.S.A., INC., A Georgia Corporation,

     Defendant.

## STIPULATED PROTECTIVE ORDER

To adequately protect material entitled to be kept confidential, expedite the flow of discovery and facilitate the prompt resolution of disputes over confidentiality, it is HEREBY ORDERED that:

1.     Documents or information produced or provided by the parties during the course of discovery in the above matter may be designated as "Confidential Information" so long as the party who seeks confidentiality has a reasonable and good faith belief that such document or information is entitled to confidentiality under the terms of this Order.

2.     For purposes of this Order, "Confidential Information" means any document or information designated as confidential in accordance with paragraph 6 of this Order, or any aggregation of Confidential Information. The identification of an individual document or category of documents or information as Confidential Information may be challenged pursuant to paragraph 9 of this Order.

**EXHIBIT A**

3      For purposes of this Order, "Document" means all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information.

4.      For purposes of this Order, "Producing Party" means a party that produces Confidential Information or other information in connection with this litigation.

5.      For purposes of this Order, "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the litigation.

6.      A. The Producing Party may designate as Confidential Information any information it believes to be confidential, including, without limitation, (i) non-public information about a past, present or potential employee of Home Depot or a subsidiary, including personnel records, evaluations, compensation levels, databases, surveys, statistical analyses, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals, and (ii) trade secrets or other non-public proprietary, strategic or commercial information, data or research of Home Depot or one or more of its subsidiaries.

B. To designate Confidential Information on Documents, the Producing Party shall place a legend or stamp upon the Document indicating such in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that it contains Confidential Information. To designate Confidential Information in testimony (or in exhibits referred to therein), the Producing Party shall (a) make

2

an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up until twenty (20) days after receipt of the transcript.

The Recipient of Confidential Information shall use that information solely in connection with this litigation, and shall not disclose Confidential Information to any person except:

a)  the named plaintiff;

b)  the Court and its officers (including court reporters);

c)  counsel of record in this action and employees of counsel in this action who have been actively engaged in the conduct of this litigation;

d)  Home Depot's or its subsidiaries' or affiliates' in-house counsel;

e)  experts or litigation consultants or litigation support services engaged by counsel to assist in this litigation, provided that these expert witnesses or litigation consultants or litigation support services expressly agree to be bound by the terms of this Order and not to disclose Confidential Information except as permitted herein;

f)  fact witnesses providing testimony by deposition or at any court proceeding in this case but only in accordance with the procedures set forth in paragraph 8 of this Order.

8.  The Recipient of Confidential Information shall disclose such information to persons set forth in paragraphs 7(a), 7(e) or 7(f), of this Order only under the conditions set forth below:

a)  Prior to disclosure of Confidential Information to persons described in paragraphs 7(a), 7(e) or 7(f), the Recipient shall advise that person that, pursuant to this Order, he or she may not divulge such information to any other individual.

b)  Any person who receives Confidential Information pursuant to paragraphs 7(a), 7(e) or 7(f), shall execute an Agreement in the form

3

annexed hereto as Exhibit A. Each original, executed Agreement shall be maintained in the files of the Recipient and shall be available for review by all counsel and parties upon reasonable notice.

c)      The Recipient who discloses Confidential Information pursuant to paragraphs 7(a), 7(e) or 7(f), shall maintain a list specifically identifying the persons to whom the information was disclosed and the Bates number and/or other means sufficient to identify such information disclosed.

9.      In the event the Recipient disputes the Producing Party's designation of individual documents or a category of documents or information as Confidential Information, the Recipient shall notify the Producing Party in writing of such dispute. In an effort to settle such dispute without judicial intervention, the parties shall meet and confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed information. If resolution of the dispute cannot be reached, the Recipient may apply to the Court for an appropriate determination. In connection with such an application, the Producing Party shall bear the burden to show that the information is entitled to continued protection under the Federal Rules of Civil Procedure and applicable case law.  During the pendency of such dispute or application, and until the court may rule otherwise, the information designated Confidential Information shall remain subject to the designations and restrictions of this Order.

10.     Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

All information obtained by a Recipient in discovery in this litigation, regardless of whether it is Confidential Information, shall be used by the Recipient solely for the prosecution or defense of the claims in this litigation, and shall not be used by the Recipient for

4

any business, commercial, competitive, personal, publicity, media purpose, except that nothing herein shall preclude Home Depot (or a subsidiary of it) from pursuing legal or other business action in discovered instances of misconduct as to its own employees or ensuring that its employees are acting in accordance with the law. The parties expressly agree and understand that responding to question(s) presented by media regarding any information available in the public record, including any Confidential Information that has become part of the public record, shall not constitute any violation of this Order. No Recipient or other person to whom Confidential Information is disclosed shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential Information except as necessary for purposes of the litigation.

   12.   Within fifteen business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient shall return to the Producing Party all Confidential Information, all copies of such information, and any Documents incorporating such information. Alternatively, at the request of the Producing Party, the Recipient shall destroy all such materials and certify in writing that all such materials have been destroyed, so long as the Recipient's legal counsel is not violating the Rules of Professional Conduct or Colorado state law by complying with such a request.

   13.   Confidential Information shall not be filed in the public record of this litigation, unless the Court determines, upon a request by a Recipient, that the filing of such information in the public record of this action is appropriate. Any Confidential Information that is filed with the Court, and any pleadings, motions, or other papers filed with the Court containing such information, shall be filed in a sealed envelope accompanied by a request that the Court file and

maintain the information under seal, unless such Confidential Information has been determined

by the Court to be properly filed in the public record of this civil action.  Where possible, only

the portions of filings containing Confidential Information shall be filed with the Court under

seal.

14.    The restrictions set forth in this Order shall not apply to:

   a)    information that was, is or becomes public knowledge through its
   authorized release by a person or entity who rightfully obtained and
   possesses such information during the normal course of business, and not
   in violation of this Order;

   b)    Home Depot (or its subsidiaries), with respect to its own
   information or information received or created during the normal course of
   its own business.

Whether information that becomes a matter of public record in any other manner may

still be subject to protection as Confidential shall be determined according to the standards and

procedures set forth in paragraphs 2 through 13 of this Order.  The owner of Confidential

Information shall be able to seek protection of that information in accordance with paragraph 6

of this Order even if it did not produce that information in discovery.

15.    Nothing in this Order shall be deemed to be a limit or waiver of the attorney-

client privilege, the work product privilege, or any other relevant privilege.  Further, inadvertent

production of privileged information shall not waive the privilege.  If privileged information is

inadvertently produced, the Recipient agrees that, upon request from the Producing Party, it shall

promptly return all copies of Documents containing the privileged information, delete any

versions of the Documents containing the privileged information on any database or computer

filing system it maintains, and make no use of the privileged information.

6

16.     Nothing in this Order shall prohibit any party from objecting to the production or disclosure of Confidential Information solely on the grounds that such information is confidential or sensitive, or on any other grounds.  Furthermore, nothing in this Order shall preclude the parties from objecting to the admissibility or use of Confidential Information.

17.     Nothing in this Order shall preclude any Confidential Information from being used as evidence by either party in this civil action.  Confidential Information may be used during trial to the extent permitted by Federal Rules of Evidence.

18.     In the event plaintiffs or their counsel obtain information of Home Depot's (or its subsidiaries) from a third party that Home Depot believes is confidential, Home Depot may designate such information Confidential Information pursuant to this Order and it shall be treated as such in accordance with this Order.

19.     If a Recipient discloses Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

20.     The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

BRYAN E. KUHN, COUNSELOR AT LAW, P.C.          HALE FRIESEN, LLP

s/Bryan E. Kuhn                                                  s/Stephen M. DeHoff
Bryan E. Kuhn, Esq.                                          Stephen M. DeHoff, Esq.
1660 Lincoln Street, Ste. 2330                          1660 Wynkoop Street, Ste. 900
Denver, Colorado  80264                                   Denver, Colorado  80202
Telephone: (303) 424-4286                               Telephone: (720) 904-0600
bryan.kuhn@beklegal.com                                DeHoffUSDC@halefriesen.com

ATTORNEYS FOR PLAINTIFF CHARLES FRANK          ATTORNEYS FOR DEFENDANT HOME
LOFTICE                                                                             DEPOT USA, INC.

SO ORDERED:

United States District Court Judge

Dated: 12-22-09

8

**EXHIBIT A**

**AGREEMENT CONCERNING INFORMATION COVERED BY A
PROTECTIVE ORDER ENTERED IN THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLORADO**

The undersigned hereby acknowledges that he/she has read the Protective Order in Charles Frank Loftice v. Home Depot U.S.A., Inc., Civil Action No. 09-cv-00748-RPM, and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him/her other than in accordance with the Order.

Dated: _____, 2009

By: _____

_____
(Type or print name of individual)

Of: _____
        Name of Employer

9